SARAH HANN v. THE NATIONAL UNION.

*Life insurance—Warranty as to health—Pleading—Notice of defense.*

1. In order to defeat a recovery upon a life-insurance policy for the breach of a warranty by the assured that, to the best of his knowledge and belief, he was in good health when the application was made, the defendant must show that the applicant knew or had reason to believe that the warranty was untrue.

2. The term "good health," as used in an application for life insurance, means a state of health free from any disease or ailment that affects the general soundness and healthfulness of the system seriously, and not a mere indisposition, which does not tend to weaken or undermine the constitution of the assured; citing *Brown v. Insurance Co.*, 65 Mich. 306, 314.

3. A mere temporary ailment or indisposition, which does not tend to weaken or undermine the constitution of the assured at the time of taking membership, does not render a policy or certificate of insurance void; citing *Pudritzky v. Knights of Honor*, 76 Mich. 428.

4. It is not error to refuse to instruct the jury that the failure of an applicant for life insurance to disclose the fact that he consulted a physician and received a prescription on the day he made his application voids the policy, where the plaintiff claims, and introduces testimony tending to show, that the call was for a prescription to relieve him from a slight disorder of the stomach, which was quickly relieved, it being at least a question for the jury; citing *Brown v. Insurance Co.*, 65 Mich. 306, 313.

5. Evidence that an applicant for life insurance failed to state his true place of residence in his application is inadmissible without notice of such defense under Circuit Court Rule No. 104, which provides that in case the company relies upon the failure of the assured to perform or make good any promise, representation, or warranty not contained in the policy, but set forth in any other paper or instrument in the hands of the company, the notice under the general issue shall declare the same, and indicate the breach relied on; citing *Insurance Co. v. Curtis*, 32 Mich. 402.

97 MICH.—33.

97   513
108   99
108   104

97   513
119   207
97   513
s56NW   834
s37ASR   365
129   4116

97   513
s56NW   834
s37ASR   365
132   4506

97   513
134   3218

6. Where the question is raised for the first time by a request to charge, the defendant claiming that the testimony tends to show that the assured's place of residence was in another state than that given in his application during a portion of the time covered by his statement, it is within the discretion of the court to refuse to allow an amendment of the notice so as to cover such special defense.

Error to Kent. (Grove, J.) Argued October 3 and 4, 1893. Decided November 17, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Stuart & Knappen,* for appellant.

*Smiley, Smith & Stevens,* for plaintiff.

LONG, J. This is an action of *assumpsit,* brought upon a benefit certificate for $3,000, issued by the defendant, a fraternal and beneficiary order, having its main office at Toledo, Ohio, with subordinate lodges in different cities, to one B. B. Hann, and payable in case of his death to his mother, the plaintiff. Application for membership was made by B. B. Hann, August 13, 1891. He was examined by the medical examiner September 18, and the certificate was issued of the date of September 24. He died October 23, 1891, of cerebral meningitis. Payment was resisted by the defendant upon the claim that B. B. Hann was not in good health when he made application for membership, nor when he was granted the certificate. The case was tried in the circuit court before a jury, who returned a verdict in favor of the plaintiff for the full amount of the certificate, with interest. The errors complained of relate entirely to the charge of the court and the refusal of the court to give certain requests of the defendant.

The application for the insurance was in writing, addressed to the officers and members of the Grand Rapids

Council, No. 32, located at Grand Rapids, this State, and stated, among other things:

"I do declare upon my honor as a man that the statements by me subscribed herein are each and every one of them true, to the best of my knowledge and belief. * * * I am temperate in my habits, and have no injury or disease which will tend to shorten my life. Am now in good health, and am able to gain a livelihood."

It also contained the further statement:

"I do hereby consent and agree that any untrue or fraudulent statement made above or to the medical examiner, or any concealment of facts by me in this application, or my suspension or expulsion from or voluntarily severing my connection with the order, shall forfeit the rights of myself and my family or beneficiary to all bene-- fits and privileges therein."

After the application was made, he presented himself to the medical examiner, who filled out a blank prepared for that purpose, giving answers to questions therein set forth. Among such was asked:

"Is there anything, to your knowledge or belief, in your physical condition, family or personal history, or habits, tending to shorten your life, which is not distinctly set forth above?"

Answer: "No."

The benefit certificate contained the following provision:

"This certificate is granted upon the express condition that all statements and representations made by said member in his application for membership in said council, and all statements made to the medical examiner by him, are true."

The certificate also contained the further provision:

"The application of the member, a copy of which is hereto attached, is hereby made a part of this certificate."

It was claimed upon the trial by defendant that, at the time the application was made and the certificate issued, Mr. Hann was afflicted with the disease from which he subsequently

died, and that, at the time of the application and medical examination, he concealed from the council and medical examiner that he was afflicted with any disease. It was further contended that the statement made in the application, "I am now in good health," means a warranty that he was in good health, and that, if he was not in good health, he could not recover.

The court, in its charge, among other things, stated to the jury:

"1. If, upon consideration of the whole case,—the whole evidence in the case,—you find that at the time this contract of insurance was made—at the time the application was made and certificate issued—B. B. Hann was not in good health (within the meaning of that term, the proper meaning of it, as I shall explain it to you later), or that he fraudulently concealed his condition in regard to his health, and was not, in fact, in good health, then the policy is void; otherwise not."

"2. By the foregoing terms of the policy and application, the parties agreed that the truthfulness of the applicant's answer to the questions propounded should be the basis upon which the validity of the policy should stand. If true, the policy should be a valid one; if untrue, the policy should have no force as a contract. Hence, if you find any statement in the policy or application untrue, concerning which an issue is raised in this action, or any concealment of facts as to the applicant's condition in respect thereto, the policy is void, and the plaintiff cannot recover.

"3. By the terms of the policy and application, above recited, the applicant assumed the whole risk of the consequences if his answers turned out untrue.

"4. The question as to the health of the applicant is a preliminary one to ascertain if he is an insurable subject. Hence, if you find that B. B. Hann, when he made the application on August 13, or at any time prior to the issuing of the policy, on September 24, 1891, was not in good health (within the meaning of the term, as I shall presently define it), then the policy is void, and the plaintiff cannot recover.

"5. If you find that, either on August 13 or at any time prior to September 24, said B. B. Hann was afflicted with cerebral meningitis, the disease of which he died, then the policy is void, and the plaintiff cannot recover.

"6. The statements above mentioned, as recited in the policy and application, upon the truth of which the validity of the policy depends, are called 'warranties,' and must be strictly true; but, when there is no warranty, an untrue allegation of a material fact, or a concealment of a material fact, will avoid the policy."

"7. The words 'I am now in good health,' occurring in Hann's application, amount to a warranty or representation that he was in good health at the time, and, if he was not in good health, the plaintiff cannot recover."

It is claimed that the court was in error in omitting from the fifth statement above set forth that portion of defendant's request reading as follows:

"It is wholly immaterial whether the applicant knew of the existence of this disease or not. He has stated that he was in good health, and he·assumed the whole risk of his answer being untrue."

Defendant has no reason to complain that this request was not given, and still less of the charge, as given, upon this branch of the case. The jury were repeatedly charged that the validity of the policy depended upon the fact of the applicant's health being good, and that the statements made in the application amounted to a warranty; and, in giving this interpretation, the court entirely ignored a very important factor in the application. While it is undoubtedly true that warranties must be literally fulfilled or the applicant can derive no benefit from the policy, and, with respect to the compliance with warranties, there is no latitude, no equity, and the only question is, is the thing warranted true?—if not, the insurer is not answerable for any loss (Bliss, Ins. § 38),—yet here the application, which is made a part of the benefit certificate, while stating that the applicant is in good health, also states that he declares upon his honor as a man that the statements subscribed are each of them true, "to the best of my knowledge and belief." This was a qualification to which the court did not call the attention of the jury, and which

is disregarded in the request to charge which the court refused, and upon which error is assigned. It cannot be said under such a statement that the applicant assumed, or attempted to assume, the whole risk of his answer being true. It is a statement that he believed he was in good health, and, to the best of his knowledge, his statement was true. It was therefore material whether the applicant knew of the existence of the disease or not. The court, by its charge, instead of putting the case to the jury in this light, directed that the applicant assumed the whole risk of the consequences if his answer turned out to be untrue.

In *Powers v. Life Association,* 50 Vt. 630, the jury found specially that the assured had disease of the heart at the time the application was made, but that he did not know it, and might not reasonably have been expected to know it. In the application, which was made a part of the policy, he was asked the question whether he then had or had had disease of the heart, and answered, "No." The application contained the same stipulation as the one in suit here,—that it should form the basis of the contract, and be a warranty, and, if any statement should be found untrue, the policy should be void. It was said by the court: "If he had answered that he had no knowledge that the disease existed, the finding of the jury might affect the result."

So in the present case, if the statement had been made without this qualification, the defendant undoubtedly would have been entitled to the charge that "it is wholly immaterial whether the applicant knew of the existence of the disease or not." If Hann's statement may be considered as amounting to a warranty at all, it is nothing more than a warranty that, so far as his information and knowledge extended, he was in good health. Under such warranty or mere representation, whichever it may be

called, in order to defeat recovery upon the policy, it would be necessary to show that the applicant knew or had reason to believe that he was not in good health at the time the application was made.

It is also contended that the court was in error in omitting from the thirteenth request to charge the following words:

"It is immaterial that the disease may have been in its first stages, and that B. B. Hann did not know that he had such disease. If the disease was present, the plaintiff cannot recover."

It was said of this that the applicant's answer recited that there was not the beginning of disease in his system, and that no disease was present in his system. The court directed the jury that if, at the time of taking out the insurance, the applicant "had a disease which afterwards caused his death, that was a grave, important, and serious disease, and it would be immaterial that it may have been in its first stages, or that Hann did not look upon it at the time as of any consequence. If it was, in fact, of consequence, then the plaintiff cannot recover."

And, again, the court stated:

"If he had the disease at the time [he made his application and joined the order], the plaintiff cannot recover."

The court also instructed the jury as to the meaning of the term "good health" as follows:

"Good health means that he had no grave, important, or serious disease. * * * It means a state of health free from any disease or ailment that affects the general soundness and healthfulness of the system seriously, and not a mere indisposition, which does not tend to weaken or undermine the constitution of the assured. A mere temporary ailment or indisposition, which does not tend to weaken or undermine the constitution at the time of taking membership, does not render a policy void."

This charge was but following the language of this Court

in *Brown v. Insurance Co.*, 65 Mich. 306, and *Pudritzky v. Knights of Honor*, 76 Id. 428.

Error is also assigned upon the refusal of the court to give defendant's fifth request to charge, viz.:

" In this case it is proved and conceded that a physician was consulted and prescribed for B. B. Hann just prior to and on the same day he made his application for the insurance in question herein, and that fact ought to have been disclosed to the defendant company, for insurance is a contract *uberrimae fidei*, and is avoided by the suppression of any facts or circumstances which may assist the insurer in forming a correct judgment."

It was contended upon the part of the plaintiff that the call of B. B. Hann upon a physician was for a prescription to relieve him from a slight disorder of the stomach, which was quickly relieved. Under the testimony in the case, the court could not have determined, as matter of law, that the applicant should have disclosed this to the company, and that, not doing so, the policy was void, and properly refused the request. It was at least a question for the jury. As was said in *Brown v. Insurance Co.*, 65 Mich. 313:

" A mere calling into a doctor's office for some medicine to relieve a temporary indisposition, not serious in its nature, could not be considered an attendance by a physician, within the meaning of the question [whether he had had a serious illness], * * * but such attendance must have been for some disease or ailment of importance."

The court instructed the jury that, if the applicant concealed his condition in regard to his health, and was not, in fact, in good health, the policy was void; and, again, that, if the jury found that there had been any concealment of facts as to the applicant's condition in respect to his health, the policy was void.

Some question is here made that the applicant did not state his true place of residence in the application. He stated in his application that his place of residence was in Grand Rapids, and that he had resided there for 18 years.

After the proofs were closed, the defendant contended that they tended to show that his place of ' residence was in Kansas during a part of that time; and the court was requested to charge that, if the jury found this to be true, the policy was void. The request was refused, and, as plaintiff's counsel now contend, properly, for the reasons:

1. Because the defendant had given no notice of such a defense.

2. Because there was no sufficient evidence on the subject to leave the question to the jury.

We think plaintiff's counsel right in both these claims. If such defense was relied upon, notice should have been given, under Circuit Court Rule No. 104. We think the case settled by the decision in *Home Ins. Co. v. Curtis,* 32 Mich. 402. After the testimony was closed, and for the first time, this question was raised by the request to charge. This being refused, defendant sought to amend its notice, which was also refused. The question being raised at this state of the proceedings, the amendment was a matter within the discretion of the court. Had the amendment been permitted, however, we think there was no sufficient evidence to warrant the jury in saying that the applicant's home was at any other place than as stated in the application.

Error is also assigned upon the refusal of the court to give defendant's eighteenth request to charge, as follows:

"In this case some comment has been made by counsel upon the fact that T. W. Mould, who appears to have been the financial secretary of the local chapter of the National Union, had knowledge of the physical condition of B. B. Hann, and that he testified to having knowledge that he was in bad condition before being admitted to said local chapter. I charge you that his knowledge of the condition of B. B. Hann before his admission to the order would not be the knowledge of the defendant, and would not charge the defendant with knowledge."

The record is silent as to whether the plaintiff claimed

that knowledge of Mr. Mould was the knowledge of the company. In the brief of plaintiff's counsel, it is stated that such claim was not made, but that, Mr. Mould being called as a witness for defendant for the purpose of showing that Hann was in poor health, yet admitting that he voted to admit him into the order, Mould's testimony ought not to have much force, for the reason that, had he believed the applicant unfit for membership, he would have said so, or by his ballot prevented his admission. It is evident that the witness must have regarded Mr. Hann as fit for membership, or he was not discharging his duty to the order in not advising it of the fact. If this was true, his testimony upon the trial was open to the criticism made. As we have no evidence from the record that any other claim was made for this testimony, we are not inclined to hold that the refusal of the court to charge as requested is reversible error. The instruction of the court that the jury must find the actual good health of the assured necessarily excluded any idea that the company could be estopped by the knowledge of Mr. Mould.

Judgment affirmed.

The other Justices concurred.