MYERS *v.* ROLFE.

Opinion delivered February 7, 1903.

St. Francis Levee District—Power to Sell Timber.—Under Acts 1893, page 31, authorizing the St. Francis levee board to purchase lands delinquent for levee taxes, but not providing how the board should dispose of same, the board is authorized to sell growing timber thereon, apart from the land itself.

Cross Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*S. H. Mann* and *McCulloch & McCulloch,* for appellants.

The levee district had no power to sell the timber on the lands donated by act of 1893, p. 173.  67 Ark. 413.  Express authority is necessary for conveyances by public and quasi-public corporations.  7 Am. & Eng. Enc. Law, 747; 4 Tex. 375.  The grant of power must be strictly pursued, and acceptance of purchase price will not ratify an unauthorized conveyance.  16 Cal. 591; 18 *Id.* 590; 21 *Id.* 351.

*Norton & Prewett,* for appellees.

The opinion in *Myers* v. *Hawkins,* 67 Ark. 413, includes a *dictum* to the effect that the levee district had no power to sell the timber off donated lands; but, on motion, this feature of the opinion was eliminated by the court.  56 S. W. 640.

BUNN, C. J.  This is an action in replevin for a number of saw logs, and the question turned upon the ownership of the trees from which the logs were cut.  Judgment for plaintiffs, and both parties appealed.

The saw logs in question were cut and taken by the defendants, E. A. Rolfe and C. A. Walker, from the northwest quarter, north half southwest quarter and south half northeast quarter section 32, township 6 north, range 6 east, containing 320 acres more or less. One Peter Jackson, as the agent of the St. Francis levee board, sold the timber on the lands above described to the said E. A. Rolfe, and gave him a bill of sale therefor dated January 16, 1899, and, acting under and by virtue of this bill of sale, the defendants cut and removed the logs involved in this litigation to their saw mills or place of shipment, where they were replevied by plaintiffs in this action, but redelivered to defendants on their giving a retention bond.

The plaintiffs claim title to the logs by virtue of a deed from the St. Francis District Levee Board to the lands aforesaid, from which the logs were taken, dated October 5, 1899.  So the bill of sale antedated the deed about ten months.  Both parties claimed title from the same source, the St. Francis District Levee Board, the plaintiffs contending that the bill of sale of the timber on said lands to the plaintiff, Rolfe, was invalid, as the levee board was not authorized by law to sell the timber on the land, without selling the land itself in the same sale.

Under the act entitled "An act to donate to the St. Francis District all the lands of this state within the limits of said levee district, and for other purposes," the lands, except 16th section lands, within the levee district then belonging to the state, or that might become the lands of the state within five years from and after the passage of this act, were given to the said levee district; and the second section of the act provides that the levee board might sell the same, after causing the same to be graded under the rule therein made, for the price of 50 cents, $1.50 and $2.50 per acre, according to the grade and classification thus made, for the purpose of constructing and maintaining the levees contemplated in the several acts organizing said district. Acts 1893, p. 172. This and the general tenor of other parts of the act determined the manner of disposal of these donated lands as to the prices at least, and, without determining the particular question (for it is not involved in this discussion), they seem to constitute a statutory provision regulating the disposal of the same.

Under the provisions of the act entitled "An act to amend certain sections of the St. Francis Levee Act of February 15, 1893, and to exempt from taxation certain lands in St. Francis Levee District," the district board was authorized to purchase for the district lands sold for non-payment of the assessments made thereon, for the district, and lands so acquired by the district constituted a second and distinct class, without any statutory provision regulating the manner of their disposal. Acts 1893, p. 31. It is the opinion of the majority of the judges of this court that the board of the levee district, having full power to do any and everything to carry out the purposes of the act, except in so far as restricted by statute, and being without statutory restrictions or directions, has power to dispose of such lands, by virtue of its inherent power as the absolute and unconditional owner of the fee for the purpose aforesaid, and that therefore the sale of the timber on said lands, by and through its recognized and authorized agent, was valid.

This being true, and this being the controlling question, there is error in the judgment against defendants, who claimed under said bill of sale of the timber, which was prior in point of time to the deed of the land under which the plaintiffs claimed; and the same is therefore reversed, and judgment will be entered here for the defendants, E. A. Rolfe and others.