## BLUMENTHAL *v.* BERKSHIRE LIFE-INSURANCE CO.

1. LIFE INSURANCE—WARRANTIES—SICKNESS.

   A representation in an application for a life-insurance policy that one is in good health, and has not been attended by a physician, means that he is free from disease that would seriously affect the general soundness of the system, and that he has not been attended by a physician for a serious ailment.

2. SAME—APPLICATION—CONSTRUCTION OF WORDS.

   The words "chronic or persistent," in a question in an application for life insurance, do not materially differ from "chronic *and* persistent."

Error to Ogemaw; Sharpe, J.  Submitted June 3, 1903. (Docket No. 19.)   Decided July 14, 1903.

*Assumpsit* by Philip Blumenthal against the Berkshire Life-Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*F. L. Snodgrass (T. A. E. & J. C. Weadock,* of counsel), for appellant.

*Ross & Harris (Simonson, Gillett & Clark,* of counsel), for appellee.

MONTGOMERY, J.   This is an action on an insurance policy issued on the life of Nicholas I. Blumenthal.   The defense interposed was false representations and warranties made by the insured in his application for the policy. The particular questions claimed to have been falsely answered, together with the answers given in the application, were the following:

"No. 15. Have you ever had chronic or persistent cough or hoarseness?   *A.*   No.

"No. 16. State particulars of any illness, constitutional disease, or injury you have had, giving date, duration, and remaining effects, if any.   *A.*   No disease or illness of any kind.

"No. 17. When did you last consult a physician?   *A.* About a year ago.   *Q.* For what?   *A.* Cold and cough.
*   *   *

"No. 21. Give names and addresses of physicians who have attended you?   *A.*   C. L. Nauman, M. D., West Branch, Michigan."

It is argued at length by counsel for the defendant that the evidence conclusively shows that the insured was suffering from a chronic and persistent cough for a considerable period before the application; that he had, within the period of a year, consulted physicians other than Dr. Nauman; and that his answers to each of these questions were shown to be untrue.

It would not be of profit to set out at length the testimony bearing upon the question as to whether the ailments which the insured is shown to have had were such ailments or diseases as to seriously affect the general soundness and healthiness of the system, or whether, on the other hand, it was a mere temporary indisposition, not tending to undermine the constitution of the insured.   An examination of the record discloses that this question of fact was

sharply controverted at the trial, and that there is abundant evidence that, on the occasions when the insured had consulted physicians, the trouble under which he was laboring was temporary, and yielded to treatment. The law is settled that in a representation, contained in an application for insurance, that the insured is in good health, or that he has not been subject to illness, or that he has not been attended by a physican or consulted one professionally, the answer is to be construed as meaning, in the one case, that he has not suffered an illness of a serious nature, tending to undermine the constitution, and that a state of health is freedom from disease or ailment that affects the general soundness or healthiness of the system seriously. And as to representations as to treatment by physicians, the omission to state a treatment by a physician for some temporary indisposition does not avoid the policy. . See *Brown* v. *Insurance Co.*, 65 Mich. 306 (32 N. W. 610); *Pudritzky* v. *Supreme Lodge, K. of H.*, 76 Mich. 428 (43 N. W. 373); *Hann* v. *National Union*, 97 Mich. 513 (56 N. W. 834, 37 Am. St. Rep. 365); *Plumb* v. *Insurance Co.*, 108 Mich. 94 (65 N. W. 611); *Tobin* v. *Modern Woodmen of America*, 126 Mich. 161 (85 N. W. 472); *Connecticut Mut. Life-Ins. Co.* v. *Trust Co.*, 112 U. S. 250 (5 Sup. Ct. 119).

Following this line of cases, the circuit judge charged the jury as follows:

"Now, as I said to you, it is not the duty of an applicant for insurance to advise the insurance company of every time he consults a physician for some temporary indisposition; but it is his duty to advise them, in answer to that question, every time that he has consulted a physician relative to any serious ailment, such as I have spoken of; and, if you find that the disease with which Nicholas I. Blumenthal was then suffering was such a disease as would affect his general health, then it would be his duty to have advised the company that he had been attended by Dr. Witter."

Error is assigned upon this instruction, but we think it was clearly within the rule as above laid down.

Error is assigned upon a portion of the charge in which the circuit judge referred to question No. 15, above quoted, and stated the question which was asked to have been, "Have you ever had chronic *and* persistent hoarseness?" It is argued that the substitution of the word "and" in place of the word "or" in the question as put to the applicant changed the sense of the question, and an effort is made to show some marked distinction between the words "chronic" and "persistent," as used in this sentence. We think the effort has not been marked with success. The word "or" is not always disjunctive. It is sometimes interpretative or expository of the preceding word. So, it is often used in the sense of "to wit," "that is to say." We think it was so used in this sentence, and that, as used in this connection, the two words are or were intended to be used in the same sense, the word "chronic" being defined, in effect, as meaning "persistent." See 21 Am. & Eng. Enc. Law (2d Ed.), p. 936, and cases cited in note 5; *Powell* v. *Race-Course Co.*, L. R. 39 Q. B. Div. 242.

Other errors are assigned, all of which have been considered, but, except as they are covered by the foregoing discussion, we do not find that they call for further consideration.

We are satisfied that no substantial error was committed to the prejudice of defendant, and the judgment will be affirmed, with costs.

The other Justices concurred.