### Fletcher Smith v. Bankers Life Association of Des Moines, Iowa.

#### Gen. No. 11,959.

1. APPLICATION FOR INSURANCE—*how ambiguities in, construed.*
Ambiguities in an application for insurance are to be resolved against
the insurer.

2. APPLICATION FOR INSURANCE—*particular question contained in,
construed.* A question in an application for insurance as follows:
"How long since you consulted a physician?" construed as susceptible
of the interpretation, "How long since you *first* consulted a physi-
cian."

3. APPLICATION FOR INSURANCE—*when answers to questions do not
constitute warranties.* Unresponsive answers to questions contained in
an application for insurance do not constitute warranties.

4. APPLICATION FOR INSURANCE—*what sufficient answer to question*

Smith v. Bankers Life Ass'n.

*contained in.* The giving of the name and address of one physician to a question as follows: "Name and residence of such physician?" held sufficient, notwithstanding the applicant may have consulted other physicians than the one named.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed November 14, 1905.

**Statement by the Court.** This is an action to recover on three policies of insurance issued by appellee on the life of one James Grant Black, payable to appellant. The declaration contained three counts in which it was alleged in substance that on October 4, 1899, the defendant issued certificates of membership to the deceased in which the plaintiff, appellant herein, was named as the beneficiary, that the insured died June 18, 1900, all dues and assessments having been paid, that proofs of death were duly furnished and demand made upon the defendant for payment of the sum alleged to be due under the certificates. Appellee pleaded the general issue, together with special pleas alleging that the certificates were void, because, as it is claimed, the deceased concealed the truth in his application for membership and made untrue answers as to his health, physical condition and personal history in answer to certain questions contained in the application.

The application, dated September 26, 1899, and signed by the deceased, contained among others the following questions and answers:

8. "Q. Are you now in good health?
   A. Yes.
9. Q. Who is your physician?
   A. Have none.
13. Q. Have you ever had any serious illness or injury? If so, when and of what nature?
    A. Yes. May, 1899.
15. Q. Have you had any sickness in the last five years? If so, state what and when, and give name and address of the attending physician.
    A. Yes, slight indigestion, May, 1899, fully recovered.

16.  Q.  How long since you consulted a physician?
     A.  May, 1899.
     Q.  For what disease?  A.  As above.
     Q.  Give name and address of such physician.
     A.  Dr. Campton, Kirkwood, Ill."

The applicant passed a physical examination by the company's physician and was recommended for insurance. The answers to these questions are warranted by the applicant "to be full, complete and true."

Upon the trial there was evidence tending to show that for several months at least previous to the making of the application for insurance the deceased had suffered from an obscure stomach or abdominal trouble, that he had frequent attacks of this trouble, at which times he suffered acute pain, that when these attacks occurred he had been treated by a number of physicians, most or all of whom had diagnosed the trouble as indigestion and had treated him accordingly, and that frequently the pain from such attacks was so severe that morphine was administered to relieve him. In September, 1898, one or more physicians expressed the opinion that the trouble was gastralgia, apparently another name for neuralgia in the stomach. The remedies administered were simple, intended to relieve the pain. About a week before making application for this insurance the deceased, at the suggestion of appellant, had gone to the Post Graduate Hospital in Chicago for the purpose of having his trouble diagnosed and its nature ascertained, if possible. In so doing he acted upon the advice of one of the physicians who had treated him in Kirkwood, Ill., where he resided. He remained there four days and then, becoming impatient at what seemed to him slow progress made by the physicians in the investigation of his case, left the hospital September 22, 1899, of his own accord. It appears from the testimony that he was attended by about ten different physicians whom he called in from September, 1898, up to a time about two weeks prior to his making the application in controversy.

A *post mortem* examination showed the direct cause of

Smith v. Bankers Life Ass'n.

death to be pneumonia, which had totally destroyed the left lung, and also disclosed, as an indirect cause of death, the existence of a "stricture of the ileum" about six inches in length, reducing the bowel at that point to about the size of an ordinary lead pencil. Four inches above this was another stricture about half an inch in length. Eighteen inches above this was a third, and eight inches above the third was still a fourth. It is claimed, however, that the deceased had no knowledge of the existence of these strictures and never supposed that his ailment was of a nature so serious as permanently to affect his health or threaten his life; and there is evidence tending to show that in the intervals between these attacks of supposed indigestion he was strong, capable of heavy work and apparently a hearty, robust man. The case was submitted to the jury, who returned a verdict finding the issues for the defendant, and judgment was entered accordingly, from which this appeal has been taken.

PHELPS & CLELAND, for appellant.

I. M. EARL and O. S. BAYLIES, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended by appellant that the vital question to be decided in this case was whether or not the answers to the questions above referred to were true, and it is insisted that such of them as were alleged by defendant to have been answered falsely by the deceased were ambiguous in their meaning and were answered by him truthfully as he understood the questions. It is claimed that instructions given at the instance of appellee were erroneous and that their effect was to preclude the jury from finding a verdict in favor of appellant. By the first of these instructions the jury were told: "If you find that James Grant Black consulted a physician after May, 1899, and before September 26, 1899, the date of the application, plaintiff cannot recover." It is said that the question 16 in the application: "How long since you consulted a physician?" to which the

deceased answered "May, 1899," is ambiguous and capable of more than one correct answer; that it might mean, how long since you *first* consulted a physician, or how long since you *last* did so. That the interrogatory is capable of both these constructions is evident. There is no apparent doubt under the evidence that Black had consulted physicians after May, 1899, and before the date of the application. If the court's instruction was correct there would be at once an end of the plaintiff's case. Clearly, however, it was not correct. It is said in May on Insurance (3rd Ed., sec. 175) that if the words employed in a contract of insurance are susceptible of the interpretation given them by the insured, although they may be in fact intended by the insurer to have a different meaning, the policy will be construed in favor of the insured. This is in accord with the general rule that any ambiguity is to be resolved against the insurer. The same is true of a warranty in such a contract. It will not be extended to include anything not necessarily implied in its terms. The language of insurance policies is that of the insurer and is construed most favorably for the insured to prevent a forfeiture. Ins. Co. v. Scammon, 100 Ill. 644–649; Union Mut. Ac. Assn. v. Frohard, 134 Ill. 228–236; Manufacturers Ins. Co. v. Zeitenger, 168 Ill. 286–292. In the case at bar it is evident that "first" or "last" or similar words must be inserted or implied in the question under consideration to make it susceptible of a strictly accurate answer. The court's instruction in effect arbitrarily inserted the word "last." In Stewart v. Eq. Mut. Life Ins. Co., 110 Iowa, 528–531, it is said that while ordinarily the intention of the insured is not involved where answers are warranted to be true, yet when their truthfulness depends on the construction of a question which is subject to two different interpretations, the material inquiry is whether the assured truthfully responded to the question as he understood it. This was in the case at bar a question for the jury under proper instructions, and by the instruction complained of the court removed it from their consideration. The second instruction is to the same effect,

viz.: that if within a week prior to the application the deceased was in a hospital for the purpose of having some disease diagnosed and treated there could be no recovery, and is likewise erroneous.

The third instruction told the jury that if the deceased knew at the time he made the application that he had had sickness within five years other than a slight indigestion he could not recover, unless he believed in good faith he had entirely recovered therefrom. This is based upon the answer of the deceased to the question, " Have you had any sickness in last five years?" The answer was " Yes," followed by the interrogatory: " If so, state what and when and give name and residence of the attending physician," to which the answer was, " Slight indigestion, May 1899, fully recovered." It is only statements made strictly in answer to the inquiries contained in the application which can be regarded as warranties. Commercial Accident Co. v. Bates, 176 Ill. 194–199. In the case before us, it appears that the answers to the questions were written down by the agent of appellee in part at least, in his own language, and condensed, and the application containing them afterward signed by the insured. The words " fully recovered " were not responsive to the question, were not an answer thereto and hence not covered by the warranties of the application and certificates of membership sued upon. Hence there was no necessity for the plaintiff to show that the deceased believed he had entirely recovered.

Complaint is made of five other instructions, some of which we regard as equally erroneous. One of these told the jury that the answers to the interrogatories numbered 16 in the application amounted " to a warranty that the said Black had not consulted a physician for any disease since May, 1899 "; and that if he had done so, the plaintiff could not recover. What has been said sufficiently indicates why such an instruction must be regarded as erroneous. The subsequent interrogatory called for " name and residence of such physician " and may have been readily understood by the deceased as calling for the name of only

one.  Under the rule of strict construction the answer giving the name of one only may be regarded as strictly true, even though others were consulted whose names were not given.  See Dilleber v. Home Life Ins. Co., 69 N. Y. 256–263; Blumenthal v. Berkshire L. Ins. Co., 96 N. W. Rep. (Mich.) 17–18; Franklin Life Ins. Co. v. Galligan, 73 S. W. Rep. 102–103; Conn. Ins. Co. v. Trust Co., 112 U. S. 250–258.  We deem it unnecessary to specify what we regard as errors in other instructions in view of what has been said and the likelihood that they will not be repeated upon another trial.

It is argued by appellee's attorneys that if under the facts appellant is not entitled to recover, errors in the instructions were not prejudicial and do not warrant a reversal.  Whether he is so entitled to recover is the question to be determined upon correct principles of law applied to the facts in evidence.  As the case must be retried we refrain from discussion of the evidence.  The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*