MODERN WOODMEN OF AMERICA *v.* HALL.

[No. 23,960.　Filed April 28, 1921.]

1. APPEAL.— *Review.— Verdict.— Answers to Interrogatories.—
Scope of Review.—*In passing upon a motion for judgment on
answers to interrogatories, the court on appeal will consider
only the complaint, answer, the general verdict and the interrogatories, together with the jury's answers thereto. p. 497.

2. TRIAL.— *Verdict.— Scope.—* A general verdict for plaintiff
amounts to a finding in his favor of every material fact essential to a recovery. p. 497.

3. APPEAL.— *Review.— Answers to Interrogatories.— Verdict.—
Conflict.—Presumptions.—*On defendant's motion for judgment
on the answers to interrogatories, notwithstanding the general
verdict for plaintiff, the general verdict has the benefit of
every reasonable intendment, while the answers of the jury are
to be strictly construed against defendant, and if there is no
irreconcilable conflict between the answers and the general verdict, both may stand and judgment on the general verdict
should be sustained. p. 497.

4. INSURANCE.—*Contracts.—Construction.—Forfeiture.—*If necessary, life insurance contracts will be strictly construed to
prevent a forfeiture. p. 498.

5. INSURANCE.—*Contracts.—Construction.—Warranties.—*An insurance contract will not be construed to create a warranty
if the language used will admit of some other interpretation
more favorable to the insured. p. 498.

6. INSURANCE.—*Life Insurance.—Action on Policy.—Verdict.—
Answers to Interrogatories.—Conflict.—Presumptions.—*In an
action on a life insurance contract defended on the ground
that insured had made false answer in reply to a question in
the application as to his having been treated by physicians,
the jury's answer to a special interrogatory that insured had

consulted a doctor not mentioned in the application, *held* not in irreconcilable conflict with general verdict for beneficiary, it being presumed that such consultation was with reference to some temporary indisposition, in the absence of answers showing for what purpose insured consulted the physician. p. 498.

7.  INSURANCE.—*Life Insurance.—Action on Policy.—Jury Question.—Insured's False Representations.*—In an action on a life insurance policy, the question of whether insured had misrepresented the condition of his health in answer to questions in the application, *held* for the jury. p. 501.

8.  APPEAL.—*Review.—Refusal of Instructions.*—The refusal of a requested instruction is not error where another instruction given covered the same subject-matter more fully and was more favorable to appellant than the one tendered. p. 503.

9.  CONTRACTS.—*Written Contracts.—Construction.—Province of Court.*—In an action upon a written contract the construction of the contract is for the court, except when parol evidence is required to make the contract intelligible. p. 503.

10.  INSURANCE.— *Life Insurance.— Action on Policy.— Instructions.—Insured's False Representations.*—In an action on a life insurance policy which was defended on the ground that insured had made false answers in application as to condition of his health, instructions submitting such issue *held* sufficient. p. 503.

From Perry Circuit Court; *William Ridley*, Judge.

Action by Mary J. Hall against the Modern Woodmen of America. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Edmund L. Craig, William Waldschmidt* and *Truman Plantz*, for appellant.

*Hottel & Patrick, John W. Ewing* and *Cody & Corbin*, for appellee.

MYERS, J.—Appellee, as beneficiary in a matured benefit certificate issued by appellant to her son, Casper Hall, brought this action to recover the amount due thereon. A complaint containing the usual allegations in such cases, answer in three paragraphs and a reply in denial formed the issues submitted to a jury for trial

which resulted in a general verdict in favor of appellee. The pleadings are not questioned. The jury with their general verdict returned answers to a number of interrogatories. Motions by appellant for judgment on the answers to interrogatories and for a new trial were each overruled and judgment was rendered on the general verdict. Appellant predicates error on each of the above rulings.

Appellants resisted payment upon the sole ground that the by-laws, application, and certificate constituted the contract, and that the insured made false answers to certain questions in the application which, although material or immaterial to the risk, nevertheless were warranties, the untruthfulness of which rendered the certificate voidable.

Our attention is first directed to appellant's motion for judgment in its favor on the answers of the jury to interrogatories. The questions and answers in the application of the insured averred by appellant in its third paragraph of answer to be false, are as follows: "14a. Have you, within the last seven years, been treated by or consulted any person, physician or physicians in regard to personal ailment? Yes. 14b. If so, give dates, ailments, duration of attacks and name and address of each and all persons or physicians consulted or by whom treated. April 16, '06, April 26, '06, Pleurisy, 3 days, Dr. W. L. Parr, Derby, Ind. 14c. Was recovery complete? Yes. 16a. Have you ever had any local disease, personal-injury, or serious illness? No. 16b. If so, explain fully, giving dates. * * * 16c. Was recovery complete? * * * 17. Are you now of sound body, mind, and health, and free from disease or injury, of good moral character and exemplary habits? Yes. 33a. Have you ever had any disease of the following named organs, or any of the following named diseases or symptoms: Consumption. No. Habitual

Coughing. No. Lungs. No. Spitting Blood or other Hemorrhages? No. Or any other disease? No."

Following the thirty-five questions of the application is the statement: "I have verified each of the foregoing answers * * * and declare and warrant that they are full, complete, and literally true, and I agree that the exact, literal truth of each shall be a condition precedent to any binding contract issued upon the faith of the foregoing answers." Then follows a statement agreeing that the answers shall form the basis of and the consideration for the contract applied for, and which may be issued upon this application, and that the certificate and application may be construed together, and that if any answer or statement in the application is not literally true, or if applicant shall fail to comply with the by-laws, the benefit certificate shall be void. The application bears date of April 2, 1910, and the benefit certificate was executed May 21, 1910.

The substance of the answers to interrogatories relied on by appellant to avoid the policy follows: At the time of making the application and issuing the benefit certificate herein, appellant was a fraternal beneficiary society duly admitted to do business in Indiana; that the insured in his application to appellant stated that he had consulted and had been treated by a physician for a personal ailment within seven years, and gave dates, ailments, duration of attacks, and the name of the physician, Dr. W. L. Parr, consulted; and answered "No" to the question "Have you ever had any local disease, personal injury or serious illness?"; that the various questions included in the general question 33a, in the insured's application, were answered "No"; that the insured consulted Dr. John H. Lee in May, 1904, but there is no evidence that he treated him for hemorrhages. The insured did not have hemorrhages, disease of the lungs, or spitting of blood in May, 1904,

nor had he had any of these ailments or symptoms thereof prior to the date of his application.

In answering the question thus presented for decision, we look to the complaint, the third paragraph of answer, the general verdict, the interrogatories 1-3. and answers of the jury thereto. The general verdict amounted to a finding of every material fact essential to a recovery in favor of appellee. It has the benefit of every reasonable intendment, while the answers of the jury are to be strictly construed against the moving party. If, by applying these principles, irreconcilable conflict between such answers and the general verdict is not shown, both may stand and judgment on the general verdict should be sustained. *Lavene* v. *Friedrichs* (1917), 186 Ind. 333, 343, 115 N. E. 324, 116 N. E. 421; *Chicago, etc., R. Co.* v. *Fretz* (1909), 173 Ind. 519, 528, 90 N. E. 76; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235; *Chicago, etc., R. Co.* v. *Schenkel* (1914), 57 Ind. App. 175, 104 N. E. 50; *Harker* v. *Gruhl* (1916), 62 Ind. App. 177, 111 N. E. 457; *Union Traction Co.* v. *Barnett* (1903), 31 Ind. App. 467, 67 N. E. 205.

In the paragraph of answer mentioned, it is averred "that the answers to said questions were false and untrue and that within seven years immediately preceding said application for membership the said Casper Hall had been treated by and consulted with a physician, to-wit: Dr. John H. Lee, in regard to hemorrhages, spitting blood and tuberculosis; that at the date of said application he was not of sound body, mind and health nor free from disease and injury and that previous to the making of said application he had had local diseases and serious illness, and that he had had previous to the

date of said membership application diseases of the lungs and air passages and had had consumption and habitual coughing and hemorrhages and spitting blood and other diseases and symptoms of each." As to all of these ailments and infirmities of body and mind, the answers of the jury squarely contradict the averments of appellant's answer, so that our further inquiry must be limited to the effect of the insured's failure to state that in May, 1904, he had consulted Dr. Lee. In this respect, if at all, the warranty is breached.

The contract before us is unilateral in character and if necessary will be strictly construed to prevent a forfeiture, nor will it be construed to create a warranty if the language used will admit of some other interpretation more favorable to the insured. *Iowa Life Ins. Co.* v. *Haughton* (1909), 46 Ind. App. 467, 87 N. E. 702; *Metropolitan Life Ins. Co.* v. *Johnson* (1911), 49 Ind. App. 233, 242, 94 N. E. 785; *Smith* v. *Bankers Life Assn.* (1905), 123 Ill. App. 392, 396.

There was no interrogatory submitted calling for the purpose for which the insured consulted the doctor, nor does such purpose appear from any of the answers. In this case appellant was the moving party, and it must succeed or fail in its contention upon the answers to interrogatories unaided by any intendment; and as the general verdict draws to its support all inferences which may be deduced from any evidence admissible under the issues, we must assume that such consultation was with reference to some temporary indisposition.

In *Modern Woodmen, etc.* v. *Miles* (1912), 178 Ind. 105, 97 N. E. 1009, this appellant resisted payment of a matured certificate on practically the same grounds as urged in the instant case. In that case it appeared that the insured, in answer to question 14 of his application, had failed to state that within four months prior

thereto he had received from a physician headache tablets.   Questions 16 and 14, with answers thereto, were considered and this court speaking to the question "Was he treated for any 'ailment,' within the meaning of that word as used in question fourteen?" said:   "It will be noted that question sixteen calls for an answer from the applicant for any serious illness that he ever had. This would include any serious illness he had in the preceding seven years, for which he received no treatment, and concerning which he had consulted no one. Question fourteen covers only illness for which treatment was received or consultation had.   On appellant's theory, illness not serious, untreated, and about which no consultation was sought, was not within the scope of questions fourteen and sixteen.   It would appear that if question fourteen had contemplated treatment of mere functional disorders, question sixteen would not have been limited to seeking information relating to serious illness only.   But still more important considerations are presented by appellant's contention.   The question calls for information covering a period of seven years.   It was framed for practical use, to elicit substantial information from people of average memory. Yet appellant was bound to know that it would be impossible for a person of average memory to give the dates and particulars of each treatment for, or consultation about, every temporary functional disorder he may have had during a seven-year period.   Trade remedies for toothache, temporary headache, chafed skin, and temporary indigestion and like disorders, are handed over the counter by druggists to customers so frequently, and are used so generally, that few persons could truthfully answer such a question, if it embraced the above and like temporary and functional disorders. While the authorities are not in harmony on this proposition, we are of the opinion that the correct rule ap-

plicable to questions of this character is that the disorder, to constitute a breach of warranty, must be of a substantial nature, and not a mere temporary, functional indisposition; and consequently the lower court did not err in its decision of this question." In support of the foregoing announcement, many cases are cited.

Courts in other jurisdictions have gone much farther than is necessary for us to go in order to affirm the judgment in this case. For instance, in *Sargent* v. *Modern Brotherhood* (1910), 148 Iowa 600, 608, 127 N. W. 52, wherein misstatements in the application for a benefit certificate were relied upon by the insurer as constituting breaches of warranty rendering the certificate void, after quoting from *Wilkinson* v. *Connecticut Mutual Life Ins. Co.* (1870), 30 Iowa 119, 127, 6 Am. Rep. 657, relating to the failure to disclose, in answer to a question about previous accidental injuries, a slight injury which the jury specifically found not to be serious, said: "Thus, it has been held that a statement that the applicant is in good health is not shown to be false by proof of a temporary ailment, not indicating a vice in the constitution or so serious as to have some bearing on the general health and continuance of health; that is, such as according to common understanding, would be called a disease. *Sieverts* v. *National Ben. Ass'n*, 95 Iowa 710; *Meyer* v. *Fidelity & Cas. Co.*, 96 Iowa, 378; *Cushman* v. *United States L. Ins. Co.*, 70 N. Y. 72; *Insurance Co.* v. *Trefz*, 104 U. S. 197 (26 L. Ed. 708); *Connecticut Mut. L. Ins. Co.* v. *Union Trust Co.*, 112 U. S. 250 (5 Sup. Ct. 119, 28 L. Ed. 708); *Life Ins. Co.* v. *Francisco*, 17 Wall. 672 (21 L. Ed. 698); *Blumenthal* v. *Berkshire L. Ins. Co.*, 134 Mich. 216 (96 N. W. 17, 104 Am. St. Rep. 604); *Plumb* v. *Penn. Mut. Ins. Co.*, 108 Mich. 94 (65 N. W. 611); *Hann* v. *National Union,* 97 Mich. 513 (56 N. W. 834, 37 Am. St. Rep.

365) ; *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295 (73 S. W. 102, 100 Am. St. Rep. 73) ; *Billings* v. *Metropolitan L. Ins. Co.,* 70 Vt. 477 (41 Atl. 516) ; *Rand* v. *Life Assur. Soc.,* 97 Tenn. 291 (37 S. W. 7). Even where the inquiry is as to a specific ailment or disease it is to be interpreted as calling for an answer only where the previous attack was of a nature likely to result in impairment of health or to indicate a constitutional difficulty which might shorten life. *Rupert* v. *Supreme Court U. O. F.,* 94 Minn. 293 (102 N. W. 715) ; *Northwestern Mutual L. Ins. Co.* v. *Heinmann,* 93 Ind. 24; *Mutual Ben. L. Ins. Co.* v. *Daviess' Ex'r,* 87 Ky. 541 (9 S. W. 812). Accordingly, this court had held a negative answer as to 'spitting or coughing of blood' was not false, unless the evidence showed that the applicant had been subject to spitting or coughing of blood in such sense as that a reasonable person might suppose some ill health or physical condition, affecting the desirability of the applicant as a risk, was indicated. *Peterson* v. *Des Moines L. Ass'n,* 115 Iowa, 668. * * * The same principle is to be applied in construing questions and answers relating to prior attendance by a physician. In response to such question it is not necessary for the applicant to disclose the occasion and circumstances of every consultation of a physician for temporary disability or indisposition, not amounting to a disease. *Blumenthal* v. *Berkshire L. Ins. Co.,* 134 Mich. 216 (96 N. W. 17, 104 Am. St. Rep. 604) ; *Franklin L. Ins. Co.* v. *Galligan,* 71 Ark. 215 (73 S. W. 102, 100 Am. St. Rep. 73)." In the instant case there was no error in overruling appellant's motion for judgment in its favor upon the answers to interrogatories.

Appellant in support of its motion for a new trial challenges the sufficiency of the evidence to support the verdict; the action of the court in refusing to give its tendered instruction No. 3; and in

giving instruction No. 3 of its own motion. Appellant asserts that the uncontradicted evidence shows that the insured was treated by Dr. Lee for pulmonary tuberculosis within seven years next before the time the insured applied to it for a benefit certificate. Conceding that the insured consulted Dr. Lee in May, 1904, and that the doctor testified that he treated him at that time for tuberculosis, nevertheless the doctor also testified that he did not tell the insured he had tuberculosis, that he discharged him as cured, that he saw him two or three times a year for a number of years afterwards and he appeared to be enjoying good health. Dr. Wm. E. Amy, a graduate in 1903 of the Kentucky School of Medicine, testified that he saw the insured ten times between June 12 and August 7, 1913, made a thorough physical examination of him, and that he was not afflicted with pulmonary tuberculosis. He did have tubercular peritonitis and malaria fever. Dr. Wm. L. Parr at the time of the trial was located at Evansville, Indiana, but from July, 1906, until June or July, 1910, he was a resident of Derby, Indiana, and was appellant's local camp examining physician. He was acquainted with the insured and examined him to become a member of the local camp. He made this examination in 1910, and at the trial he testified that the insured at that time was not suffering from pulmonary tuberculosis, or tuberculosis of any other organ, nor did he have any other disease that would render him unfit to become a member. That he recommended the acceptance of Hall, which examination and recommendation was confirmed by the head camp. Appellee testified that she was the mother of Casper Hall; that he lived with her on her farm all his life. He was sick in 1904 and Dr. Lee treated him. "He had been having chills. The first time I sent for him. The next time he stopped." In 1904 the insured was about 18 years of

age, tended the crop on his mother's farm and fifty acres which she rented. At the time of the second call of Dr. Lee the insured was at a neighbor's house and was sent for. "So far as I know, my son was a sound healthy man all the time. He worked and was a stout large boy. He never had a cough up to three or four months before his death. I never knew of him spitting blood until in 1912 and then not very much." Neighbors of the insured testified as to their opportunity of observing him and saw nothing wrong with his health until the last few months of his life. The evidence would have justified a finding that the insured, from his activities and exposure during the 1913 flood, contracted a cold followed by pumonary tuberculosis from which he died March 24, 1914. Such was the evidence in brief, and we refer to it thus generally for the purpose of showing that it was a case on the evidence clearly for the jury.

There was no error in refusing appellant's requested instruction for the reason that instruction No. 4, given by the court on its own motion covered the same subject-matter more fully and completely and was more favorable to appellant than the one requested and refused. *American Maize Products Co.* v. *Widiger* (1916), 186 Ind. 227, 114 N. E. 457. The instruction given was challenged on the ground that as the application was a part of the contract of insurance, its construction was for the court and not for the jury. It is true the construction of a written contract is for the court, except when parol evidence is required to make the contract intelligible. *Zenor* v. *Johnson* (1886), 107 Ind. 69, 7 N. E. 751.

However, the particular point made against this instruction is that it failed to tell the jury that the answers of the insured in his application were warranties, and if any answer was not true

his certificate was null and void and of no effect. The instruction is not clearly worded, but obviously intended to apply more particularly to the averments of appellant's third paragraph of answer, for it specifically refers to the various ailments mentioned in that paragraph and the answers averred to be false. The instruction concludes that if you find "his said answers or statements were false or that any one or more of them was false, then the jury are instructed that said answer or answers, if false, will avoid said benefit certificate, and the plaintiff would not be entitled to recover." Immediately following this instruction the jury was clearly informed as to what instruments or writings together composed the contract. This instruction concluded with the statement "and the jury are further instructed that the answers or statements if any made by said Casper Hall to the questions set out in his said application as alleged in the third paragraph of his answer are construed by the law in this case as warranties and cannot be deviated from whether material or immaterial." While we do not approve of instruction No. 3, yet when all of the instructions are taken together we are satisfied that the jury fully understood the issues they were called upon to try and that by the instruction, of which complaint is made, they were not misled or left in doubt as to the law applicable to this case. *Mishler* v. *Chicago, etc., R. Co.* (1919), 188 Ind. 189, 122 N. E. 657; *Pittsburgh, etc., R. Co.* v. *Terrell* (1911), 177 Ind 447, 95 N. E. 1109, 42 L. R. A. (N. S.) 367.

From a careful consideration of the entire record before us we conclude that appellant had a fair trial with no intervening errors in the record for which the judgment should be reversed. The judgment is therefore affirmed.

Townsend, J., absent.