**BOWLES, Price Administrator, v. WEINER et al.**

No. 5497.

District Court, E. D. Michigan, S. D.

March 7, 1947.

Theron M. Hall, Dist. Enforcement Atty., and Arthur J. Schuck, Enforcement Atty., both of Detroit, Mich., for plaintiff.

Mustard, McAuliffe, Hatch & Clagett, of Battle Creek, Mich., for defendants.

KOSCINSKI, District Judge.

Defendants filed motion to dismiss on grounds that the cause abated for failure of Paul A. Porter, successor to Chester Bowles, Administrator, Office of Price Administration, to be substituted as plaintiff within six months after taking office, in accordance with the terms and provisions of Rule 25 (d) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or in accordance with Sec. 780 of Title 28 U.S.C.A., Feb. 8, 1899, Chap. 121, 30 Stat. 822, Feb. 13, 1925, Ch. 229, § 11, 43 Stat. 941.

This action was filed by Chester Bowles as Administrator of the Office of Price Administration on January 22, 1946. Thereafter Bowles resigned his office effective February 25, 1946, and on the following day Paul A. Porter qualified as successor to Bowles.

On March 21, 1946, Senior Judge Ernest A. O'Brien of this court, on application of counsel for Paul A. Porter, the Price Administrator, signed the following order which was filed in the office of the clerk of this court:

"Order Continuing Pending Actions of Office of Price Administration by Successor Administrator.

"It appearing to the Court that Chester Bowles has resigned as Administrator of the Office of Price Administration, and that Paul A. Porter has been appointed his successor, and his appointment confirmed by the United States Senate, and he has entered upon his duties in said office as of February 26, 1946,

"And it further appearing, by satisfactory showing, that there is a substantial need for continuing and maintaining the pending actions in which Chester Bowles, as Administrator, is party plaintiff, by his successor in office, such actions being important to the administration and enforcement of the Emergency Price Control Act, as amended [50 U.S.C.A.Appendix, § 901 et seq.],

"It is ordered, by authority of Rule 25(d) of the Federal Rules of Civil Procedure, that all pending actions in this court, in which Chester Bowles as administrator appears as party plaintiff, may be continued and maintained by Paul A. Porter, his successor, as Administrator of the Office of Price Administration."

All laws in conflict with the Rules are of no further force or effect. June 19, 1934, Chap. 651, § 1, 48 Stat. 1064, 28 U.S.C.A. 723b. Therefore any provisions of Sec. 780 inconsistent with provisions of Rule 25(d) are superseded by Rule 25(d).

542

Rule 25(d) provides in effect that when an officer of 'the United States is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within six months after the successor takes office it is satisfactorily shown to the court that there was a substantial need for so continuing and maintaining it. The concluding sentence of that rule provides: "Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."

The order signed by Senior Judge Ernest A. O'Brien, by way of recital, follows the wording of the rule that a satisfactory showing was made and that there was a substantial need for continuing and maintaining pending actions.

The defendants contend that under the rule they should have been given notice of the application for substitution.

The question here is on the meaning and application of that portion of the rule requiring notice of the application for substitution to be given "the party or officer to be affected."

The provision of the rule requiring notice must be read and considered together with the preceding sentence providing: "Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States." It is obvious that the requirement of filing a supplemental pleading does not refer to the successor of the officer, but to the opposite party. If, therefore, the opposite party desires to obtain an adjudication of the issues involved in the pending suit against the successor-officer, such opposite party must file a supplemental pleading setting forth his grounds for continuing the action by or against the successor, inasmuch as the successor may or may not

desire to continue with the pending litigation. It is therefore the successor-officer who is the party affected and to whom notice is required to be given, and not the opposite party.

The word "or" as used in the phrase "party or officer" is here used as a word of explanation showing the relationship between the word preceding it and the word following it. In this sense it has the meaning of, "to-wit," and gives to the word preceding it the same meaning as that which follows. In this signification of the word "or" the words "party" and "officer" are synonymous. Cf. Vol. 30, Words and Phrases, Perm.Ed., page 82.

The word "or" is not always disjunctive. It is sometimes interpretative or expository of the preceding word. So, it is often used in the sense of "to-wit," "that is to say." Blumenthal v. Berkshire Life Ins. Co., 134 Mich. 216, 219, 96 N.W. 17, 104 Am.St.Rep. 604.

"While it primarily marks an alternative, the word 'or' may be used to express an alternative of terms, definitions, or explanations of the same thing in different words, introducing a synonym for the preceding term; and in this sense the term may be construed as having the same meaning as 'alias,' 'being,' 'otherwise,' 'otherwise called,' 'that is,' 'that is to say,' 'to-wit.'" 46 C.J. 1125.

It must be held, therefore, that substitution of Paul A. Porter for Chester Bowles was timely and properly made; that the order signed and filed on March 21, 1946, complied with the requirements of the rule; that Paul A. Porter expressly consented to become party plaintiff as successor to Chester Bowles, and that in these circumstances the rule did not require notice of the application for the substitution to be given to the defendants; that the defendants are in no manner affected by the substitution of parties plaintiff in this case, and that they have not been in any manner prejudiced thereby.

Order denying motion to dismiss filed herewith.