108  451
f 110  533
f 110  603

108  451
115  451
115  671

108  451
117  398

108  451
121   47

108  451
137  698

NOAH C. WEIMER v. ECONOMIC LIFE ASSOCIATION OF CLINTON, IOWA, Appellant.

**Life Insurance:** CERTIFICATE OF EXAMINER: *Estoppel.* Under Code, section 1812, providing that an insurance company whose examining physician certifies that an applicant is a fit subject for insurance shall be estopped to set up the assured was not in the condition of health required by the policy when issued or delivered, unless the same was procured by fraud or deceit of assured, a company whose physician so certifies cannot set set up the falsity of warranties made by assured as to his condition, where the physician was not misled or deceived

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

WEDNESDAY, MAY 17, 1899.

ACTION on life insurance policy. Judgment on verdict directed for the plaintiff, and the defendant appeals.— *Affirmed.*

*Hayes & Schuyler* and *D. F. Johnson* for appellant.

*F. H. Helsell* for appellee.

LADD, J.—The policy in which the plaintiff is named as beneficiary was issued on the life of Elizabeth Weimer July 2, 1895, and she died April 25, 1897. Indorsed thereon was a copy of her application, containing the following, among other questions and answers: "Q. Have you ever had any of the following diseases: Consumption? A. No. Chronic or persistent coughing or hoarseness? Ans. No. * * * Diseases of the liver? Ans. No. * * * Q. State particulars of any illness, constitutional disease, or injury you have ever had, giving date, duration, and remaining effect, if any. Ans. None. * * * Q. When did you last consult

a physician? Ans. Three months. Q. For what? Ans. Indigestion. * * * Q. Are you in perfect health, as far as you know or believe? Ans. Yes." Attached was this warranty: "I also agree that all of the foregoing statements and answers, as well as those that I make to the association's medical examiner in continuation of this application, are by me warranted to be true, and are offered to the association as a consideration of the contract."

The various amendments to pleadings, and the several motions attacking them, require no attention. The defense was based entirely on averments to the effect that the foregoing answers were false, so known to be by the assured, and made to defraud, and that on the faith of such answers, which were warranties, the policy was issued. It may be conceded that, but for section 1812 of the Code, this defense would have been good. We set out that section: "In any case where the medical examiner, or physician acting as such for any life insurance company or association doing business in the state shall issue a certificate of health or declare the applicant a fit subject for insurance, or so report to the company or association or its agent under the rules and regulations of such company or association, it shall be thereby estopped from setting up in defense of the action on such policy or certificate that the assured was not in the condition of health required by the policy at the time of the issuance or delivery thereof, unless the same was procured by or through the fraud or deceit of the assured." The affirmative answers of the physician to the printed questions on the application bring his report clearly within the provisions of this statute. "(47) Are you satisfied that there is nothing in the applicant's physical conditions, habits, personal or family history, not distinctly set forth, tending to shorten her life? A. Yes. (48) Do you unquestionably recommend the applicant for insurance? A. Yes." If there was nothing peculiar about her, tending to shorten life, then certainly she was a fit subject for insurance, and the physician in so saying recom-

mended her for insurance. The precise language of the statute need not be used. Where, in answer to one or more questions, or in some other way, the examiner, in words or in language so meaning, declares that applicant is a fit subject for insurance, it is sufficient. The very evident purpose of the statute is to prevent the defeat of recovery on any policy where the company has, by its skilled agent, examined and passed upon the fitness of the applicant for insurance. The estoppel is directed to inquiry as to the condition of health, and it is quite immaterial what representations have been made or warranties given. The company, having investigated, and for itself ascertained and declared the condition of the assured to be such as required by its rules and regulations, will not be permitted to interpose as a defense the physical infirmities of the deceased, of which it knew, or might have known, as the result of its examination; and the fraud or deceit referred to is that of procuring the report or certificate of the physician, and not the policy, and there is no averment to the effect that the examiner was misled or deceived in any way, or that the report was the result of collusion between him and the assured. *Welch v. Insurance Co.,* 108 Iowa, 224. Whether the statute is applicable to a mutual company is not involved, as the record does not show defendant to have been such. —AFFIRMED.