ALICE C. STORK v. SUPREME LODGE OF KNIGHTS OF PYTHIAS OF THE WORLD, Appellant.

**Denial of Corporate Capacity:** PLEADING. Code, section 3628, provides that, if an allegation that defendant is a corporation is controverted, the facts relied on must be specifically stated. *Held*, that where plaintiff alleged that defendant was a life insurance company, and duly incorporated as such, and defendant entered a general denial and averred the fraudulent procurement of plaintiff's certificate, defendant must be considered an insurance company, and not a fraternal society, since no facts were specially pleaded to put plaintiff's allegation in issue.

**Fraternal Insurance:** ATTACHING COPY OF APPLICATION ESSENTIAL. Under Acts Eighteenth General Assembly, Code 211, section 2, requiring an application for insurance to be attached to the policy, and precluding the company or association from proving the representations of the assured in case of failure to do so, a fraternal insurance company was not entitled to introduce in evidence an application not attached to the policy, since the statute applies to fraternal societies.

PROVING FALSE REPRESENTATIONS: *When Copy of Application is Not Attached to Policy.* Where plaintiff's application for life insurance was not admissible in evidence because it was not attached to the policy as required by Acts Eighteenth General Assembly, chapter 211, section 2, and defendant admitted having no proof of any statements by the insured other than those in such application, evidence of a physician, tending to show that plaintiff was suffering from a disease which subsequently resulted in death, was properly excluded, since there were no representations in evidence to be proven false.

**Stare Decisis:** LEGISLATIVE CONSTRUCTION. Cannot be given weight against a ruling by the supreme court.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION on an insurance certificate. Judgment on a directed verdict, from which defendant appeals.—*Affirmed.*

*Wright & Baldwin* for appellant.

*Stone & Tinley* for appellee.

LADD, J.—The petition alleged that defendant "is a life insurance company, and duly incorporated as such." The answer is but a general denial, with an averment of fraud in the procurement of the certificate. No facts are specially pleaded, as required by section 3628 of the Code, to put in issue the defendant's capacity as alleged. Nor was any evidence offered tending to prove its organization as that of a fraternal society. In these circumstances it must be treated as an insurance company, and, as the application was not indorsed on the certificate, it was rightly rejected when offered in evidence. *Cook v. Association,* 74 Iowa, 746. But, even if defendant were conceded to be a fraternal society, section 2, chapter 211, of the Acts of the Eighteenth General Assembly, requiring the application to be copied on the policy, was expressly held applicable to such organizations in *Grimes v. Legion of Honor,* 97 Iowa, 315. See, also *McConnell v. Association,* 79 Iowa, 760. That the legislature has seen fit to classify such societies as were considered in the *Grimes Case,* enacting provisions for them alone, including one relating to copying the applications, furnishes no ground for departing from that decision. Whatever may be thought of legislative construction, it is not to be given weight as against a previous ruling of this court.

II. The medical examiner's report was not offered in evidence, and defendant admitted having no proof of any statements by the assured other than those contained in the application. There were no representations then to be proven false, and the evidence of physicians, tending to show that he was suffering from a disease subsequently resulting in death, was rightly excluded.—AFFIRMED.