JACOB BROWN *et al.* v. MODERN WOODMEN OF AMERICA, Appellant.

**Life Insurance:** FALSITY OF WARRANTY: *Estoppel by medical examination.* Under Code, section 1812, providing that an insurance company whose examining physician certifies that an applicant is a fit subject for insurance shall be estopped to set up that insured was not in the condition of health required by the policy, unless the physician's certificate was procured by fraud, a company whose physician so certifies cannot set up the falsity of assured's warranties as to his health prior to the medical examination, in the absence of proof that the physician's report was secured by fraud.

EVIDENCE: *Character of organization.* Where the action of defendant in an action on a life policy alleges that it is a fraternal beneficiary society, but there is no proof thereof, and the certificate sued on indicates that the, organization is an insurance concern, it will be considered a life insurance company subject to the provisions of Code, section 1812.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

THURSDAY, JANUARY 30, 1902.

ACTION in equity on a beneficiary's certificate. Trial to the court, and judgment for the plaintiffs. The defendant appeals.—*Affirmed.*

*J. W. White* and *J. M. Mercer* for appellant.

*C. L. Poor* and *Chas. Wilner* for appellees.

SHERWIN, J.—The defense rests on an alleged false warranty of the insured as to his health prior to the medical examination made by the defendant's physician upon the plaintiff's application to become a member of the defendant order. The physician reported the plaintiff a suitable and desirable risk, and it is not pleaded, nor is it proven, that such report was secured by fraud practiced upon the defendant's medical examiner; and without such proof the defendant is estopped from denying the truthfulness of the plaintiff's representations. *Weimer v. Association*, 108 Iowa, 451; *Stewart v. Association*, 110 Iowa, 528.

While the answer of the defendant alleges that it is a "fraternal beneficiary society," there is no proof before us sustaining the averment, and the certificate sued on, and the requirements therein contained, indicate that at least the insurance branch of the association is purely an insurance concern, and that it should be governed by the statute relating to such institutions. *Grimes v. Legion of Honor*, 97 Iowa, 315; *Stork v. Supreme Lodge*, 113 Iowa, 724.

On the record presented to us, we are clearly of the opinion that this case is within the provision of section 1812 of the Code, and that it should be AFFIRMED.