## BRADLEY v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit.   October 4, 1921.)

· No. 5588.

1. **Insurance** ⊂⊃136(4), 137(4)—**Policy held not delivered and first premium held not paid.**

A life insurance application provided that the insurance was not to take effect unless the first premium was paid and the policy delivered and received during insured's lifetime and good health. The policy was written and mailed to the local agent, but he was informed of insured's death before delivering it, and thereupon returned it to the company. There was no payment of the first premium, except by insured's giving his note therefor to the agent individually, under a secret agreement that the agent would personally pay the premium and look to the note, and the agent canceled and returned the note to insured's representative after his death. *Held,* that the first premium was not paid and that the policy was not delivered.

2. **Insurance** ⊂⊃136(4)—**Insured's local agent held not agent of insured to receive delivery of policy.**

Where application for life insurance policy provided that the policy should not take effect unless delivered and received during insured's lifetime and good health, *held,* that the local agent of the insurance company was not insured's agent to receive the policy, and delivery to him was not delivery to insured.

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action by Bertha Z. Bradley against the New York Life Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

W. B. Quarton, of Algona, Iowa, and C. A. Robbins, of Winterset, Iowa, for plaintiff in error.

Harley H. Stipp, Eugene D. Perry, Robert J. Bannister, and Vincent Starzinger, all of Des Moines, Iowa, and James H. McIntosh, of New York City, for defendant in error.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge.   Action by Bertha Z. Bradley, as plaintiff and beneficiary, to recover upon a policy of life insurance alleged to have been issued by the New York Life Insurance Company, defendant, on the life of her husband, James M. Bradley. At the trial of the action a verdict was directed for the defendant. Plaintiff has brought the case here for review.   The facts are as follows:

On October 16, 1918, James M. Bradley, then a farmer living near the town of Ruthven, in Palo Alto county, Iowa, signed an application for a $5,000 policy of insurance on his life in defendant company. The application was solicited by one E. H. Reaser, who was a special agent of the company, and whose residence and office were in the city of Algona, in Kossuth county, Iowa.   On the same day the applicant was examined by the company's local medical examiner, and pro-

---

nounced an insurable risk. In said application James M. Bradley covenanted over his signature as follows:

"I agree as follows: (1) That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime and good health, and that, unless otherwise agreed in writing, the policy shall then relate back to and take effect as of the date of this application; (2) that any payment made by me before ·delivery of the policy to, and its receipt by, me as aforesaid, shall be binding on the company only in accordance with the terms of the company's receipt therefor on the receipt form which is attached to this application, and contains the terms of the agreement under which said payment has been made, and is the only receipt the agent is authorized to give for such payment; (3) that only the president, a vice president, a second vice president, a secretary, or the treasurer of the company can make, modify, or discharge contracts, or waive any of the company's rights or requirements, and that none of these acts can be done by the agent taking this application."

The application and answers made to the defendant's local medical examiner and the medical examiner's report were forwarded in due course to the home office of the company at New York City, N. Y., where they were received October 19, 1918. On October 23, 1918, a policy was written up as applied for and forwarded from the home office of defendant in New York City to the defendant's branch office in the city of Des Moines, Iowa, to be handled in accordance with the defendant company's established rules. On October 28, 1918, the defendant's branch office at Des Moines mailed ·the policy as written up to the special agent, E. H. Reaser, at Algona, Iowa. The policy reached Algona, Iowa, sometime during the day of October 29, 1918, and from then on the special agent, E. H. Reaser, never parted with the physical possession of the policy until he returned it to the company as hereinafter stated. On October 29, 1918, defendant's special agent, E. H. Reaser, was ill at his home at Algona, in Kossuth county, Iowa, and so thereafter continued for a period of several days. It is approximately 36 miles from Algona, Iowa, to Ruthven, Iowa. It does not appear that after taking the application on October 16, 1918, there was ever any communication between Reaser and Bradley. On November 1, 1918, the applicant, James M. Bradley, became ill from the "flu," and so continued ill until November 4, 1918, when he died from the "flu." Neither the company nor its special agent, E. H. Reaser, knew of the illness or· death of said applicant. After the death of Bradley the special agent, Reaser, went to Ruthven with the intention of delivering the policy, in accordance with his instructions and the. company's said rules, and upon arriving at Ruthven was informed of Bradley's death, and he thereupon refused to and never did deliver the policy, but returned the same forthwith to the company's branch office in Des Moines in accordance with the company's rules, and the said branch office in turn returned the policy to defendant's home office in New York City.

At the time of making his application James M. Bradley gave his personal promissory note, in a sum equal to the annual premium required to be paid on the kind and amount of policy applied for, to said E. H. Reaser in the latter's personal and individual capacity, of which the defendant company had no knowledge. The secret agreement be-

tween Bradley and Reaser was that Reaser would himself personally pay the premium due the company and would look to the note Bradley had given him for indemnity. Of this the company was without knowledge. The matter was not noted in the application, and such procedure was forbidden by Reaser's agency contract. The note was never paid, and after the death of James M. Bradley was canceled, surrendered, and returned by the payee therein named, the said E. H. Reaser, to the deceased's widow, Bertha Z. Bradley, the plaintiff. It is conceded that plaintiff made due proof of the death of her husband, the said James M. Bradley. The defendant company refused to pay, for the reason, as it contends, that no contract of insurance was ever made or entered into. It is also conceded that upon his death Bertha M. Bradley, the plaintiff, was appointed as administratrix of the estate of James M. Bradley, and that on November 20, 1918, she duly qualified thereunder, and at the time of the trial was acting as such.

[1, 2] Under the express agreement of Bradley the insurance was not to take effect unless the first premium was paid, and the policy delivered to and received by him during his lifetime and good health. The evidence, about which there is no dispute, does not show, in our opinion, either the payment of the first premium or the delivery of the policy. The transaction between Bradley and the agent, Reaser, whereby a note was given for the premium, must be held to have been a private arrangement between Reaser and Bradley, concerning which the company had no knowledge, and which was in direct violation of the rules of the company and the instructions given to the agent. So far as the company is concerned, the record shows no arrangement whereby anything but cash should constitute a valid payment of the first premium. It must be conceded that there was no actual manual delivery of the policy to Bradley in his lifetime or good health, or at all. Reaser was not the agent of Bradley to receive the policy, and delivery to him was not a delivery to Bradley. Smith v. Commonwealth Life Ins. Co., 157 Ky. 146, 162 S. W. 779; Heiman v. Phœnix Mutual Life Ins. Co., 17 Minn. 153 (Gil. 127) 10 Am. Rep. 154. The making out of the policy in New York City on October 23, 1918, and the mailing thereof to the company's branch office at Des Moines, or the mailing at Des Moines to Reaser at Algona, did not constitute a delivery of the policy, as the contract otherwise provided.

Section 1812 of the Iowa Code and the claimed construction of it by the Supreme Court of Iowa in Unterharnscheidt v. Missouri State Life Ins. Co., 160 Iowa, 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743, is not applicable to this case. The section referred to relates wholly to misrepresentation by the insured in securing insurance. There is no claim of misrepresentation in this case. It is conceded that Bradley was in good health and an insurable risk when he made application for insurance, and that he continued so up to the morning of November 1, 1918, when he became fatally ill. There is no claim made that the policy was not delivered because Bradley was not in good health, but because he was dead. The following Iowa cases illustrate the purpose of the statute: Boulting v. New York Life Ins. Co. (1918) 182 Iowa, 797, 802, 166 N. W. 278; Weiner v. Association, 108 Iowa,

451, 79 N. W. 123; Stewart v. Association, 110 Iowa, 528, 81 N. W. 782; Nelson v. Insurance Co., 110 Iowa, 600, 81 N. W. 807; Peterson v. Association, 115 Iowa, 668, 87 N. W. 397; Welch v. Insurance Co., 117 Iowa, 394, 90 N. W. 828; Roe v. Association, 137 Iowa, 696, 115 N. W. 500, 17 L. R. A. (N. S.) 1144.

No insurance was effected under the facts. Rushing v. Manhattan Life Ins. Co. (1915) 224 Fed. 74, 139 C. C. A. 520; John Hancock Mutual Life Ins. Co. v. McClure (1914) 218 Fed. 597, 134 C. C. A. 355; Kennedy v. Mutual Life Ins. Co. (D. C. 1913) 205 Fed. 677; Cable v. United States Life Ins. Co. (1901) 111 Fed. 19, 49 C. C. A. 216; Equitable Life Assurance Society v. McElroy (1897) 83 Fed. 631, 28 C. C. A. 365; Piedmont & Arlington Life Ins. Co. v. Ewing (1875) 92 U. S. 377, 23 L. Ed. 610; Paine v. Pacific Mutual Life Ins. Co. (1892) 51 Fed. 689, 2 C. C. A. 459; Misselhorn v. Mutual Reserve Fund Life Ass'n (C. C. 1887) 30 Fed. 545; Kohen v. Mutual Reserve Fund Life Ass'n (C. C. 1886) 28 Fed. 705; McKenzie v. N. W. Mutual Life Ins. Co. (Ga. 1921) 105 S. E. 720; 1 Joyce, Ins. (2d Ed.) §§ 97a, 98, and cases there collected; 25 Cyc. pp. 718, 719.

The other assignments of error have been considered and found to be without merit.

Judgment affirmed.