MARY ELIZABETH PARKER, Appellee, v. UNION MUTUAL LIFE COMPANY, Appellant.

No. 42324.

APRIL 3, 1934.

Harold S. Thomas, for appellant.

F. T. Van Liew and F. W. Burnett, for appellee.

MITCHELL, J.—This is a suit upon a policy of life insurance issued by the appellant company, in which policy the appellee is the beneficiary. No examination of the insured was asked or required by the insurance company, the usual physical examination being waived. The defendant company solicits its business by mail and not through personal efforts of agents. An application by way of return card was filled out by the insured on the 4th day of February, 1931, and sent to the insurance company. The appellant, relying on this application, executed its policy on March 26, 1931. In the application the insured said:

"I am in sound health. I have had no bodily or mental disease during the past five years, nor have I received medical attention during that time."

On July 9, 1931, the insured was taken to the hospital, was operated upon on July 13th for an infected gall bladder, and died on July 22, 1931. Notice of death and proof of loss was duly made. The appellant company declared a rescission of the claim of the appellee on October 9, 1931, and so notified Mary Elizabeth Parker, and sent to her the company's draft for the total amount of premium paid, $25.18, which letter and draft were duly received. The insurance company denied liability and this action was commenced by the beneficiary of the insurance policy, to wit, Mary Elizabeth Parker, the wife of the deceased insured, to recover upon the said policy in the amount of $1,000. The insurance company answered and denied that it was indebted to the appellee, and set up among other defenses that on the 3d day of February, 1931, by way of application, the insured stated and represented to the insurance company the following:

"I have had no bodily or mental disease during the past five years, nor have I received medical attention during that time, except: None."

That the statements and representations were material to the acceptance of the risk and the issuance of the policy; that, relying upon the good faith and truthfulness of said statements, the appellant company on or about the 25th day of March, 1931, prepared its policy No. 53265, and issued the same to the insured, John Henry Parker; that in said application said insured represented and stated that he was in sound health, that he had no bodily or mental diseases during the past five years; that said statements were false and were known by said insured to be false and were made with the intent to deceive this appellant and to induce it to issue a policy of insurance based thereon; that in truth and in fact said insured at the time he made said statements and prior thereto was suffering from a serious bodily disease, for which he had consulted with and had been advised for and treated by a physician; that said insured knew, on the date of his application or prior thereto that he was not in sound health, that he was not free from bodily disease; that this appellant believed and relied on said statements and their truth-

fulness, and so believing and relying executed its policy and sent the same to the insured for his approval and acceptance according to the terms of the offer, when, had said appellant known that said statements were false, it would not have executed the said policy; that, in relying upon the truthfulness of said statements this appellant has been damaged.

The case proceeded to trial. Evidence was offered and, at the close of all the evidence, the insurance company made a motion for a directed verdict, which motion was overruled. The case was submitted to the jury and the jury returned a verdict in favor of the appellee, the beneficiary, and against the insurance company. And the appellant, insurance company, being dissatisfied, has appealed to this court.

The sole question with which we are confronted here is whether or not the court should have directed a verdict for the insurance company at the close of all the evidence, for the appellant did not file its motion for a new trial and exceptions to instructions within the time provided by law, and the only consideration that we can give to the appellant's appeal is whether or not, as a matter of law, the court should have directed a verdict upon the appellant's motion for a directed verdict made at the close of all the evidence, or whether the court was right in submitting the case to the jury.

This court in the case of Bohen v. North American Life Insurance Company, reported in 188 Iowa 1349, on pages 1354, 1355, 177 N. W. 706, 708, has laid down the rule by which cases such as the case at bar are to be governed, as follows:

"The examining physician explained that he did not make a physical examination of the applicant for growth or tumors, for the reason that she answered the inquiry made that she had none; that he took her word; and that, had she disclosed that she had trouble there, he would have given her a physical examination and ascertained her condition. A case was made out for the jury. That body might have found from the evidence recited above that the insured knew that she was afflicted with a tumor; that notwithstanding such knowledge she denied having it in her answer to the medical examiner; that he was deceived thereby into making his report, when had she answered truly he would not have made the report as he did, but would have ascertained the truth and have reported her true condition to the company, and the policy would have been re-

fused. The record leaves little or no doubt that she was not a fit subject of insurance at the time of the application or issuance of the policy. The only fairly debatable question is whether she knew this,—that is, was aware of the existence of the tumor at the time of her medical examination, and purposely misled the examining physician into recommending her as a fit subject of insurance to the defendant company. Fraud is never presumed, but is always to be proven. She denied having a tumor in answer to the question by the medical examiner. That she might have been so afflicted without knowing it appears from Dr. Mayo's testimony. Dr. Berkman swore that she had told him that she had noticed about two years before the examination a growth or enlargement in the abdomen which persisted, and that a physician had advised her about a year before that she had a tumor about the size of an orange. * * * The record was such as to carry to the jury the issue whether insured knowingly deceived the examining physician as to the existence of the tumor."

In the light of the case just cited, we must look to the record in the case at bar to ascertain whether or not John Henry Parker knowingly deceived the appellant. The testimony shows that Dr. Howard, who was the family physician of John Henry Parker, was called to see the insured in August of 1926. Dr. Howard testified he saw Mr. Parker on August 30th and for the next three days, and thereafter, in September, he saw Mr. Parker again on several occasions. According to Dr. Howard, Mr. Parker was suffering from an acute abdominal condition—in other words, appendicitis, and he considered Mr. Parker seriously ill at that time. However, the record shows from Dr. Howard's own testimony, that Mr. Parker thought he was suffering from indigestion and constipation, and there is testimony in the record of the immediate family of Mr. Parker that he was only confined to his bed for a period of three days, and that after that he was up and around the house and out and around his farm. The record shows he did not call Dr. Howard and objected to the fact that his family had called the family physician. It must also be kept in mind that this sickness and the physician's visit occurred in August of 1926; that the application was signed in February, 1931. In other words, a period of four years and six months had elapsed. A person does not keep special memorandum or date book showing when he has been sick, and, in a period of over four years one may easily forget the exact date of his sickness; and we

cannot say as a matter of law that John Henry Parker, who was a man who bore the best reputation in the community in which he lived, a man along in years, who operated a large business successfully, knowingly deceived this insurance company by stating that a physician had not called upon him within five years. It was for the jury to say upon this record whether or not he had knowingly done so, and the jury found that he had not.

This court has also held in the case of Sargent v. Modern Brotherhood, reported in 148 Iowa 600, at page 608, 127 N. W. 52, 55:

"Thus, it has been held that a statement that the applicant is in good health is not shown to be false by proof of a temporary ailment, not indicating a vice in the constitution or so serious as to have some bearing on the general health and continuance of health; that is, such as according to common understanding, would be called a disease."

This record shows that Mr. Parker was confined to his bed in August, 1926, and that at that time he thought he was suffering from indigestion and constipation. The doctor diagnosed the case as appendicitis. A year or so later he had another slight attack. According to the doctor, that attack was not as severe as the one in 1926. The doctor again thought it was appendicitis. Mr. Parker again thought it was indigestion and constipation. Finally, when he was operated upon in 1931, the evidence disclosed that the doctor was wrong; Parker did not have appendicitis at all, he had gall bladder trouble. This record shows by the testimony of the immediate members of Mr. Parker's family, and by the testimony of his neighbors and men with whom he transacted business, that he was actively engaged in running his large business during all of this time; that at no time, except for a few days in 1926, and in 1927, was he ever confined to his bed; that he looked healthy, and continued in active charge of his business up until the time he was taken sick and was operated upon. There is no connection in this record between the appendicitis which the doctor thought Parker had in 1926 and the gall bladder trouble that he had in 1931. This record shows, at least a jury could have so found, that he had simple temporary ailments, and, under the case of Sargent v. Modern Brotherhood, the statement that he was in good health is not shown to be false by proof of a temporary ailment.

Upon this whole record there is sufficient evidence here to send the case to the jury, as to whether or not Mr. Parker knowingly deceived the insurance company. The insurance company solicited this business through the mail. It waived the physical examination, and now it is asking that this court say, as a matter of law, the insured was guilty of knowingly deceiving the insurance company, of fraud, because four years and six months before he signed the return card or the application for the. insurance he had been sick in bed for a few days and the doctor had been called, the doctor thinking Parker was suffering from appendicitis—as to which the record clearly shows the doctor was mistaken—whereas Mr. Parker thought he was suffering from indigestion and constipation, and, because a year or so later he again had a slight attack, which even the doctor declared was not a serious attack. The record shows by the testimony of the members of his family, his friends, and business associates that during all of this five-year period Parker was active in the management of his business and appeared in the best of health.

In the face of such a record the question was for the jury. And the jury has found adversely to the contention of the insurance company. The lower court was right in submitting the case to the jury. And the judgment and decree of the lower court must be, and it is, hereby affirmed.

EVANS, KINDIG, ANDERSON, DONEGAN, and KINTZINGER, JJ., concur.