Fred W. Olson, Appellee, v. New York Life Insurance Company, Appellant.

No. 45322.

JANUARY 21, 1941.

Kelly & Kelly, for appellee.

.Milchrist & Marshall and Wm. J. Fisher, for appellant.

OLIVER, J.—Action at law by Fred W. Olson to recover upon a $1,000 policy insuring the life of Frank C. Olson. The application and physical examination of decedent were made December 20, 1938, the policy was issued December 29, 1938, and the assured died May 25, 1939. Defendant set up as an affirmative defense fraud based upon answers to certain questions in decedent's application: (a) Have you ever consulted a physician or suffered from any ailment or disease of the heart, blood vessels or lungs? No. (b) Have you ever consulted a physician for any other ailment or disease? No. (c) What physicians have you consulted or been examined or treated by within the past five years? None. Defendant alleged insured was then suffering from pulmonary tuberculosis and had consulted Dr. McCreery, on November 8, 1938, giving the doctor a history indicating tuberculosis and was advised to have tuberculosis tests made. Defendant also alleged that applicant gave the cause of the death of his father and mother as pneumonia and that the cause of the death of each was pulmonary tuberculosis. It was further alleged that each of said answers was falsely made with intent to deceive the examining physician and the insurance company and did so deceive them and did cause the physician to issue a report to the company declaring the applicant to be a fit subject for insurance, and that, had the physician known of the falsity of said answers, he would not have so declared and the company would not have issued said policy.

In November, applicant had gone to Dr. McCreery's office complaining of weakness, loss of weight, a cough and dizziness. He had some temperature, high pulse and a stethoscopic examination disclosed bubbling sounds in the lungs. The doctor gave him some medicine to relieve temperature and cough. "It is my opinion I told him to come back for a more thorough examination. I do not have a definite recollection at this time. I may not have done so. Those symptoms are found in pneumonia, tuberculosis and other diseases. They could be present in many cases. They are common in flu. Either decedent or his brother mentioned tuberculosis in connection with the parents. I am not positive which one but the statement was made and written down in my record that the parents died of pulmonary tuberculosis."

Dr. Mueller testified that in the summer of 1938 applicant

came to his office for a minor ailment and that in December 1938 he examined applicant for the life insurance company. Applicant told the doctor he was too young to know what his parents died of or know anything about the cause of their death, and the agent for defendant gave the doctor a slip of paper upon which was written information that answered the questions as to the ages of the parents, causes of death and how long ill, which the doctor copied into the application. In the latter part of January 1939, Dr. Mueller again examined and treated assured. At that time the doctor found no tuberculosis. His diagnosis was a leukemic condition, which has no connection with tuberculosis and which could very well have developed subsequent to the physical examination in December. Acute leukemia is invariably fatal within a few months.

At the conclusion of the evidence the court sustained plaintiff's motion for directed verdict and later overruled defendant's motion for new trial. Defendant has appealed.

I. At the outset we are met with appellee's motion to dismiss the appeal for that the abstract of record fails to show the entry of judgment against appellant. As to the judgment itself this motion appears well founded. Deal v. Marten, 214 Iowa 769, 240 N. W. 686; Harmon v. Hutchinson Ice Cream Co., 215 Iowa 1238, 247 N. W. 623; Lotz v. United Food Markets, Inc., 225 Iowa 1397, 283 N. W. 99. But the appeal was also from the motion denying a new trial, the entry of which is shown by the abstract, and is effective as to questions properly raised by said motion.

Appellee's motion to dismiss is also founded upon appellant's failure to properly assign errors as required by Rule 30 of this court. Division I of appellant's brief consists of an omnibus assignment of all the alleged errors in excluding evidence. The form of presentation adopted may have been logical and convenient from the standpoint of appellant, but it does not comply with Rule 30 in various respects. However, in view of the brevity of the record, we have concluded to consider the errors grouped in said division.

II. Appellant complains that the court refused to permit Dr. Mueller to state what he would have done if the applicant

had correctly revealed his medical history of loss of weight and dizziness. The question, as asked, was somewhat different than the foregoing. It called for an answer by the doctor as an X-ray expert, although Dr. Mueller had testified in substance that he was not an X-ray expert. In any event there was no showing or attempted showing as to what the answer would have been. Consequently, no reviewable error is presented. Mitchell v. Automobile Underwriters, 225 Iowa 906, 281 N. W. 832.

■ III. The court excluded a purported photostatic copy of a proof of the death of assured furnished defendant by Dr. Mueller. No attempt was made to excuse the nonproduction of the original, and appellant does not seriously deny that, under the best evidence rule, the photostat was not competent. We think the objection covered this point and was properly sustained. Perhaps it should be noted that the doctor testified his statements in said proof as to the cause of death were not based upon his own personal knowledge.

■ IV. In division II of the brief appellant complains that the record generated a fact question for the jury and that the court erred in sustaining appellee's motion for directed verdict. Before considering this question we will refer to some of the legal propositions involved. Section 8770, Code of Iowa, 1939, provides that in any case where a medical examiner or physician of any life insurance company shall issue a certificate of health or declare the applicant a fit subject for insurance, or so report to the company, it shall be thereby estopped from setting up the defense that the assured was not in the condition of health required by the policy, unless the same was procured by or through the fraud or deceit of the assured. This section is applicable to the case at bar. Faber v. New York Life Ins. Co., 221 Iowa 740, 265 N. W. 305; Boulting v. New York Life Ins. Co., 182 Iowa 797, 166 N. W. 278. To establish the affirmative defense of fraud required by this section the proof must be clear, satisfactory and convincing and must show (1) a material representation of an existing fact, (2) its falsity, (3) scienter, (4) intent that it be relied upon, (5) that the examining physician relied and acted thereon, and (6) that the company was thereby defrauded. Ley v. Metropolitan Life Ins.

Co., of New York, 120 Iowa 203, 94 N. W. 568; Bohen v. North American Life Ins. Co., 188 Iowa 1349, 177 N. W. 706. The estoppel operates against the insurance company unless the certificate of the examining physician was procured by or through such fraud. Foy v. Metropolitan Life Ins. Co. of New York, 220 Iowa 628, 634, 263 N. W. 14, 17; Stewart v. Equitable Mutual Life Assn., 110 Iowa 528, 533, 81 N. W. 782, 783; Weimer v. Economic Life Assn., 108 Iowa 451, 79 N. W. 123; Peterson v. Des Moines Life Assn., 115 Iowa 668, 671, 87 N. W. 397, 398; Boos v. Mutual Life Ins. Co., 205 Iowa 653, 216 N. W. 50; Mickel v. Mutual Life Ins. Co., 204 Iowa 1266, 1270, 213 N. W. 765, 767.

The answer alleged assured was suffering from pulmonary tuberculosis at the time he applied for and secured the policy. There is no competent evidence to substantiate this contention or to indicate that appellant was not then in good health. Dr. McCreery did not testify assured had tuberculosis or any other serious ailment. Nor did the examining physician find evidence of tuberculosis in his original examination or later when he attended assured. His later examination disclosed assured was then suffering with acute leukemia, which probably had developed subsequent to the former physical examination. That disease, which is invariably fatal within a few months, has no connection with tuberculosis.

It was also alleged that decedent gave the death of his parents as pneumonia and that the cause of the death of each was pulmonary tuberculosis. The sufficiency of the proof of the cause of the deaths of the parents is questionable. Moreover, the record is clear that applicant told the examining doctor that when his parents died he was too young to know anything about the cause of their deaths and this particular information was secured by the doctor from a slip of paper handed him by an agent for defendant. We do not think these circumstances constitute substantial proof that the certificate of health was procured by fraud of the applicant. The information was only hearsay and opinion concerning occurrences many years ago of which the doctor knew applicant had no personal knowledge. Refusal to submit this question to the jury was not error. Teeple v. Fraternal Bankers Reserve Soc., 179 Iowa 65, 161 N. W. 102, L. R. A. 1917C 858.

■ Another allegation of the answer was that the application fraudulently stated applicant had consulted no doctor within five years. Concededly he had on one occasion walked into the office of Dr. McCreery, who examined him, gave him medicine for cough and temperature and may have suggested his return for further examination. Applicant's ailment appears to have been merely a temporary indisposition from which he shortly recovered. He did not again consult Dr. McCreery, and apparently no ailment existed at the time of his physical examination for the insurance. Coincidentally applicant had shortly prior thereto been treated by the examining physician himself for an injured hand. The examining doctor testified: "I did not consider it of sufficient importance to write in the report. I don't remember recalling it at the time." See Sargent v. Modern Brotherhood of America, 148 Iowa 600, 609, 127 N. W. 52, 55.

We have repeatedly held that the provisions of Code section 8770 apply to answers made by the applicant concerning his health or medical history. Ley v. Metropolitan Life Ins. Co. of New York, 120 Iowa 203, 210, 94 N. W. 568, 570.

In Peterson v. Des Moines Life Assn., 115 Iowa 668, 671, 672, 87 N. W. 397, 398, 399, we said:

"There may, no doubt, be warranties as to other matters not relating to the health of the assured,—such as his place of residence or occupation,—breach of which will avoid the policy notwithstanding the statute; * * *. Statements as to previous sickness, treatment, accident, etc., bear only upon the health and physical condition at the time the company is asked to accept the risk, * * *. * * * the estoppel relates to all matters inquired about so far as they bear on the health and physical condition of the applicant as affecting the risk, whether they refer to the time the policy is issued or to some previous time; * * *."

See also Stewart v. Equitable Mutual Life Assn., supra; Weimer v. Economic Life Assn., supra; Boulting v. New York Life Ins. Co., supra.

In the case at bar appellant plead that the examining doctor relied upon and was deceived by the alleged false and fraudulent statements. However, pleading that the doctor's report was secured by fraud practiced upon him was not sufficient to establish

the defense. Appellant was also required to prove the doctor relied upon it. Brown v. Modern Woodmen of America, 115 Iowa 450, 88 N. W. 965. In Boos v. Mutual Life Ins. Co., 205 Iowa 653, 655, 216 N. W. 50, 51, the court said:

"* * * Was he mislead and deceived thereby and induced to issue a certificate of health, when, had he been apprised of the facts, he would not have done so? This question must be answered by the testimony of the physician himself."

In the cited case there was some evidence that had the answers been true the examining physician would have recommended the applicant for insurance, with reservations. Under the record in that case the question was for the jury. But in the case at bar the doctor, who was a witness for appellant, gave no testimony which would warrant any inference that he relied upon or was deceived by applicant's allegedly fraudulent answers. Because of the absence of such proof no jury question was here generated. Roe v. National Life Ins. Assn., 137 Iowa 696, 702, 115 N. W. 500, 502, 17 L. R. A., N. S., 1144; Wood v. Farmers Life Assn., 121 Iowa 44, 46, 95 N. W. 226, 227.

V. Appellant plead that the statements of applicant deceived not only the examining physician but also the insurance company and sought to prove that a member of its medical board, who examined the application, recommended its approval in reliance upon said alleged false and fraudulent statements and that had the answers not been false this board would not have approved the application and the policy would not have been written. Error is predicated upon the exclusion of this evidence.

We have already held that the court properly directed a verdict for failure of proof of the elements essential to show that the certificate of the examining physician was procured through fraud. With the record in this condition the court properly excluded the evidence proffered to prove that the home office also relied upon and acted upon said alleged fraudulent statements. Wood v. Farmers Life Assn., 121 Iowa 44, 95 N. W. 226. In that case we held that to permit the invalidation of a policy upon such proof alone would destroy the effect of the statute because the company could, in every case, contend that

the policy was fraudulently procured from it by false statements in the application which deceived the home office and thus avoid the statutory provision by which it is estopped from setting up the defense that the assured was not in the condition of health required by the policy unless the certificate of the examining physician was procured by fraud.

VI. Objections were sustained to certain other questions in the deposition of said member of the medical board which had been taken prior to the trial. Without detailed discussion it may be said these questions were largely based upon an assumed state of facts not in accord with the record. Apparently, appellant had expected to prove this state of facts at the trial but was unable to do so. Therefore the objections were properly sustained.

The foregoing holdings render unnecessary the consideration of other propositions relied upon by appellee to sustain the rulings and decision of the trial court. The judgment is affirmed. —Affirmed.

HALE, C. J., and MITCHELL, SAGER, BLISS, GARFIELD, and WENNERSTRUM, JJ., concur.

STIGER and MILLER, JJ., dissent.