In re CREEDON.

No. Civ. 2805.

District Court, W. D. New York.

Aug. 1, 1947.

William L. Messing, of New York City, for petitioner.

KNIGHT, District Judge.

In a petition to substitute Frank R. Creedon as plaintiff in various pending actions in the place and stead of Philip B. Fleming, Administrator of the Office of Temporary Controls, and William L. Messing, Chief, New York Rent Enforcement Section, Office of Rent Control, Office of Housing Expediter, as attorney for said Frank R. Creedon in the place and stead of any and all attorneys of record appearing for plaintiff in such actions, the question arises whether notice of the application for such substitution must be given to the adverse parties.

This matter is governed by U. S. C. A., Title 28, § 780 and by Rule 25(d) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The civil actions now pending were brought under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq., by and in the name of the successive Price Administrators of the Office of Price Administration or by their last successor in office, Philip B. Fleming, Administrator, Office of Temporary Controls. On April 23, 1947, by Executive Order 9841, the termination of the Office of Temporary Controls was provided for and its rent control functions were transferred to said Frank R. Creedon, Housing Expediter, to be performed by him or subject to his direction and control by such officers or agencies of the government as he may designate.

This motion is made within six months after said Frank R. Creedon has taken office. Furthermore, petitioner has satisfactorily shown "that there is a substantial need for so continuing and maintaining" such actions.

Rule 25(d) substantially repeats the words of U.S.C.A., Title 28, § 780(c), and reads as follows:

"Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."

The instant petition is made by said William L. Messing and not by said Frank R. Creedon. The latter is "the party or officer to be affected." The moving papers do not show that he has expressly assented to his substitution.

Does the word "party" require "reasonable notice of the application therefor" to be given to the adverse parties? This question has received careful consideration in the recent case of Bowles v. Weiner, D.C., 6 F.R.D. 540, which gives a negative answer. This court adopts the reasoning of that decision, which holds that the words "party" and "officer" are synonymous and that it is "the successor-officer who is the party affected and to whom notice is required to be given, and not the opposite party." 6 F.R.D. page 542.

There is no requirement in the rule that any notice be given in case of the substitution of attorneys.

Upon satisfactory proof that said Frank R. Creedon assents to his substitution, the order in question will be granted.